-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHAKA MOSI KAMAU ZULU, 74-B-0395,

               Plaintiff,

     -v-

Librarian JEAN CLANCY BOTTA,
Special Housing Director
DONALD SELSKY,
Superintendent TIMOTHY J. MURRAY,
Acting Deputy Superintendent
JAMES A. LINDSAY,
Deputy Superintendent
KEITH R. PERKINS,
Disciplinary Lieutenant
BILL J. ANDERSON,
Lieutenant K. BIVENS,
Sergeant MICHAEL D. MURRAY,
Senior Librarian
DOUGLAS R. PETRIC,
PIONEER LIBRARY SYSTEM,
Executive Director
JENNIFER MORRIS,
Financial Administrator
CINDY GARDENER,
Community Outreach Coordinator
MARILYN LONGHOUSE,
GENEVA FREE LIBRARY,
Ex-Director LINDSAY RUTH,
Special Services Librarian
KIM IRACI,
Reference Librarian
DEBBIE SCHEFFLER, and
JOHN/JANE DOES 1 TO 50,

               Defendants.

_____

DECISION AND ORDER
05-CV-6529L(Fe)

## INTRODUCTION

Plaintiff Chaka Mosi Kamau Zulu, an inmate of the Livingston Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983. He requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff subsequently filed an amended complaint (Docket No. 4), which is now the operative pleading for this action. Plaintiff names the following defendants: Department of Correctional Services ("DOCS") Librarian for Library Services Jean Clancy Botta ("Botta"), Special Housing Director Donald Selsky ("Selsky"), Superintendent Timothy J. Murray ("Superintendent Murray"), Acting Deputy Superintendent James A. Lindsay ("Lindsay"), Deputy Superintendent Keith R. Perkins ("Perkins"), Disciplinary Lieutenant Bill J. Anderson ("Anderson"), Lieutenant K. Bivens ("Bivens"), Sergeant Michael D. Murray ("Sergeant Murray"), DOCS Senior Librarian Douglas R. Petric ("Petric"), Pioneer Library System ("Pioneer Library"), Pioneer Executive Director Jennifer Morris ("Morris"), Pioneer Financial Administrator Cindy Gardener ("Gardener"), Pioneer Community Outreach Coordinator Marilyn Longhouse ("Longhouse"), Geneva Free Library ("Geneva Library"), Geneva Ex-Director Lindsay Ruth ("Ruth"), Geneva Special Services Librarian Kim Iraci ("Iraci"), Geneva Reference Librarian Debbie Scheffler ("Scheffler"), and fifty other individuals whose names plaintiff does not know, who are identified as John/Jane Does 1 to 50.

He claims that the defendants conspired to violate his constitutional rights. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, several of his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and

2

unless plaintiff files an amended complaint as directed below, some of the remaining claims will be dismissed with prejudice pursuant to §§ 1915(e)(2)(B) and 1915A.

## PLAINTIFF'S ALLEGATIONS

In the amended complaint, plaintiff provides a lengthy and complex set of allegations, culminating in what he has captioned as "seventeen claims" for which he is seeking compensatory and punitive damages.  Plaintiff alleges that his difficulties began while he was housed at Groveland Correctional Facility.  As a part of his involvement in a creative writing class, plaintiff made numerous requests through the facility library procedures for reference materials from local libraries.  Initially he was able to make multiple inquiries on a single sheet of paper, but Geneva Free Library Director Ruth and Groveland Librarian Petric allegedly changed the request procedure to make it more difficult for him by requiring each request be made on a separate piece of paper.  Plaintiff alleges that at a October 17, 2002 meeting, Pioneer Library, Morris, Stocker, Gardner, Longhouse, Geneva Library, Iraci, Scheffler, and others (John/Jane Does) discussed plaintiff's multiple requests.

Despite the additional hardship, plaintiff continued to submit requests, which were approved by Petric.  Nevertheless, Ruth refused to fill his requests, stating that there were too many. Petric subsequently confronted plaintiff on December 5, 2002, and reprimanded him for the excessive requests.  In response, plaintiff filed a grievance against Petric, regarding his difficulties in obtaining library information.

Plaintiff alleges that following the grievance, Petric, DOCS Librarian Botta, Acting Deputy Superintendent Lindsay (Petric's supervisor), and Deputy Superintendent Perkins

3

conspired to retaliate against him. He claims that they developed a plan designed to result in plaintiff's transfer to another facility. As a part of the alleged plan, Petric issued a false misbehavior report accusing plaintiff of a failure to obey an order. Separately, Lindsay requested that Perkins order a search of plaintiff's cell on December 9, 2002.

As a result of the false misbehavior report, plaintiff faced a disciplinary hearing. He claims that Superintendent Murray and Perkins were aware that Lindsay was biased against him, but permitted Lindsay to conduct the disciplinary hearing on December 16, 18 and 20, 2002. Plaintiff asserts that Lindsay denied him favorable evidence and witnesses. According to plaintiff, Lindsay was not impartial, having pre-determined to find him guilty and to sentence him to sixty-five days of cell confinement. Plaintiff claims that Petric, Botta, Perkins and Ruth wanted Lindsay to sentence plaintiff to the sixty-five day sentence because they knew the sentence would necessarily entail plaintiff's transfer and re-classification. Special Housing Director Donald Selskey affirmed the decision and sentence.

Additionally, plaintiff claims that he was denied any independent review of his grievances. He claims that Superintendent Murray and Perkins knew that Petric and Lindsay prepared a biased grievance investigation report, but did nothing to correct the error or permit a separate investigation. Thus, he claims they denied him an opportunity to seek redress and resolve the problem.

With respect to his remaining claims, plaintiff's allegations are broad and conclusory in nature. Further discussion of plaintiff's allegations will be made below wherever necessary to discuss particular claims.

4

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and

filed an Authorization with respect to this action, plaintiff is granted permission to proceed

*in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to

conduct an initial screening of this complaint. In evaluating the complaint, the Court must

accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See*

*King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see*

*Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim

under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was

attributable to a person acting under color of state law, and (2) deprived the plaintiff of a

right, privilege, or immunity secured by the Constitution or laws of the United States."

*Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*,

41 F.3d 865, 875-76 (2d Cir. 1994)). Based on its evaluation of the complaint, the Court

finds that some of plaintiff's claims must be dismissed pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may

be granted, some claims will be dismissed unless plaintiff files an amended complaint as

directed below, and the remaining claims are sufficient to go forward as pleaded.

A.     **Claims That May Go Forward as Pleaded**

Affording plaintiff's amended complaint the liberal reading due pleadings filed by *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court finds that plaintiff has sufficiently alleged that Superintendent Murray, Petric, Lindsay, Perkins and Botta collectively subjected him to retaliation due to his efforts to exercise his First Amendment rights.  Further, plaintiff has sufficiently alleged that Lindsay denied him the procedural protections afforded by the Fourteenth Amendment during the disciplinary hearing process and that Superintendent Murray and Donald Selsky failed to correct the due process violation when the issue came before them.

It may be that plaintiff may fail to prove his claims, but the Court's uncertainty that plaintiff will ultimately succeed on the merits is no justification for a dismissal at this stage of the case.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *and see McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004).  Since the Court cannot say at this stage that "'it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief,'" *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), the retaliation and due process claims may go forward as pleaded, against Superintendent Murray, Ruth, Petric, Lindsay, Perkins, Selsky and Botta.

B.     **Claims Requiring Amendment**

Several of plaintiff's other claims, however, are subject to dismissal because the allegations are either insufficient or do not implicate a federal or constitutional claim.

6

However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). This Second Amended Complaint will be reviewed pursuant to the § 1915 criteria, and therefore plaintiff is advised to consider the discussion of his remaining claims below when he is preparing the Second Amended Complaint.

Moreover, for each of his claims, plaintiff is reminded that the pleading should meet the requirements of the Federal Rules of Civil Procedure. For example, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under Rule 8(a)(2), the complaint "should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In addition, the "statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

7

### 1.    Eighth Amendment Claim

In his sixth cause of action, plaintiff claims that defendants violated the Eighth Amendment bar against cruel and unusual punishment.  It is well-established that the Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  To the extent that plaintiff may have suffered serious deprivations that rise above the level of *de minimus*, he has not provided sufficient allegations. Plaintiff's claims are buried and lost in the pages of complaints regarding minor, albeit irritating, non-constitutional complaints.  Routine discomfort and restrictive or even harsh prison conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

If he wishes to amend, plaintiff must allege facts that support an Eighth Amendment claim. "An official violates the Eighth Amendment prohibition against cruel and unusual punishment when two requirements are met." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997).  First, in order to reach a constitutional dimension, the alleged punishment must be found to be "'objectively, sufficiently serious.'" *Boddie*, 105 F.3d at 862 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (same).  "'Under the objective standard, conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.'" *Boddie*, *supra* (quoting *Rhodes v. Chapman*, 452 U.S. at 347).  Generally, in order to warrant constitutional protection, a prisoner must have been "den[ied] the minimal civilized

8

measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quotations omitted).

"Second, the prison official involved must have a 'sufficiently culpable state of mind.'" *Boddie*, *supra* (quoting *Farmer*, *supra*).  That means that "the prison officials must have acted with deliberate indifference, in that they 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Branham v. Meachum*, 77 F.3d 626, 631 (2d Cir. 1996) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (quotation omitted).

## 2.    Discrimination Claims

Plaintiff attempts to raise several discrimination claims.  He claims defendants violated his constitutional rights to equal protection, his rights afforded by 42 U.S.C. §§ 1981 and 1985, and his rights under 42 U.S.C. § 2000d.  For each of these claims, however, plaintiff has merely pleaded conclusory allegations and has not provided supporting allegations.   Complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights may properly be dismissed; "[d]iffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (per curiam); *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988).

To establish a discrimination claim under equal protection, plaintiff must provide sufficient factual allegations to support a claim that

> (1) ... compared with others similarly situated, [plaintiff] was
> selectively treated, and (2) the selective treatment was

> motivated by an intention to discriminate on the basis of
> impermissible considerations, such as race or religion, to
> punish or inhibit the exercise of constitutional rights, or by a
> malicious or bad faith intent to injure the person.

*Wayte v. United States*, 470 U.S. 598, 608-09 (1985); *FSK Drug Corp. v. Perales*, 960 F.2d

6, 10 (2d Cir. 1992).  To set forth a claim under 42 U.S.C. § 1981, plaintiff must allege facts

in support of the following elements:  (1) the plaintiff is a member of a racial minority; (2)

that the defendant against whom the claim is asserted had an intent to discriminate against

plaintiff on the basis of plaintiff's race; and (3) the discrimination concerned one or more

of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be

sued, give evidence, etc.).  *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d

1085, 1087 (2d Cir. 1993).  To state a cause of action under § 1985, a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly
> or indirectly, any person or class of persons of equal protection
> of the laws, or equal privileges and immunities under the laws;
> [and] (3) an act in furtherance of the conspiracy; (4) whereby
> a person is either injured or deprived of any right of a citizen of
> the United States.

*Mian v. Donaldson, Lufkin & Jenrette Securities*, 7 F.3d 1085, 1087-88 (2d Cir. 1993)

(citing *United Brotherhood of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)).

The conspiracy must be motivated by racial or related class-based discriminatory animus.

*Local 610*, 463 U.S. at 835-37; *Mian*, 7 F.3d at 1088.  Additionally, the complaint must

contain more than mere conclusory allegations; instead, plaintiff must allege facts sufficient

to establish an agreement among two or more persons.  *See, e.g.*, *Spear v. Town of West*

*Hartford*, 954 F.2d 63, 68 (2d Cir. 1992); *Salahuddin v. Cuomo*, 861 F.2d 43; *Ostrer v.*

10

*Aronwald*, 567 F.2d 553; *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620, 622-23 (2d Cir. 1972).

Here, plaintiff alleges that he is a black man, but has not alleged that he was treated differently from non-black inmates or that the ill treatment occurred because of his race or gender. Indeed, plaintiff seems to allege that his alleged mistreatment was retaliatory, not discriminatory due to race or gender. Nevertheless, the Court will permit plaintiff to amend his discrimination claims in an effort to set forth a racial and/or gender discrimination claim.

### 3.    Failure to Train

In his twelfth cause of action, plaintiff asserts that defendants "improperly trained, instructed, educated and supervised its officers, agents and employees in conduct that violated plaintiff's rights." Docket No. 4, line 132. This statement does not identify who is to be held responsible for the alleged failure to train, what training was improper, when and where the failure occurred, and what happened to plaintiff as a result. To the extent that plaintiff can provide sufficiently detailed allegations against specific defendants with respect to a failure to train claim, he is afforded an opportunity to attempt to amend.

### 4.    Privileges and Immunities

Similarly, in his tenth cause of action, plaintiff asserts that defendants violated his right to the privileges and immunities afforded by the Fourteenth Amendment, but fails to set forth any allegations. No basis for the cause of action is provided. To the extent that plaintiff can provide sufficiently detailed allegations against specific defendants with respect to a privileges and immunities claim, he is afforded an opportunity to attempt to amend.

11

**C. Claims That Cannot Be Cured Through Amendment**

While the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend."). "Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a solid ground." *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991) (internal quotation marks and citations omitted). "Futility" provides one such solid ground on which to deny leave to amend. *See Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

First, plaintiff labels several paragraphs as "claims." The issues, however, do not constitute a basis for a separate claim. Thus, any attempt at amendment of these issues would be futile.

      1.    **Claim Under § 1983**

In his fourteenth cause of action, plaintiff asserts a violation of 42 U.S.C. § 1983. It is well-settled that § 1983 does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 816 (1985); *Morris-Hayes v. Board of Educ. of Chester Union Free School Dist.,* 423 F.3d 153, 159 (2d Cir. 2005). This entire action is before the Court pursuant to 42 U.S.C. § 1983, but no separate or additional claim is individually cognizable under this statute. Accordingly, the fourteenth cause of action is dismissed.

### 2.      Relief only

In the seventeenth cause of action, plaintiff simply indicates that he is seeking relief for his pain and suffering.  This does not constitute a separate claim.  Accordingly, the seventeenth cause of action is dismissed.

### 3.      State Regulations

Second, plaintiff claims that several defendants violated state regulations.  "As a general rule, there is no federal right to have state law properly administered." *Ramirez v. Holmes*, 921 F.Supp. 204, 208 (S.D.N.Y. 1996) (citing *Smith v. O'Connor*, 901 F.Supp. 644, 647-648 (S.D.N.Y. 1995), which quoted *Taylor v. Nichols*, 409 F.Supp. 927, 933 (D.Kan. 1976), aff'd, 558 F.2d 561 (10th Cir. 1977), to the effect that "[a]n individual's right to have the relevant state laws strictly obeyed is not a federal right protected by the Civil Rights Act of 1871 or the Constitution of the United States.").  While state regulations regarding prison administration and procedures may sometimes create an independent constitutionally protected liberty interest, they do so only under certain narrow circumstances, which are "generally ... limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In his Eleventh Claim, plaintiff alleges that, on December 11 and 12, 2002, Botta, Murray, Lindsay, Petric, Pioneer, Morris, Stocker, Gardner, Longhouse, Geneva, Ruth, Iraci and Scheffler violated state regulations and rules for interlibrary loans, and improperly

instituted new DOCS policies. The regulations in question concern the procedures permitting inmates to have access to external public library materials. As such, the laws or regulations at issue do not impose a restraint upon the plaintiff. Only if they did so, would the Court go on to consider whether the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* The regulations do not implicate any constitutionally protected liberty interest or otherwise raise any constitutional concerns under § 1983. Therefore amendment would be futile. Accordingly, the Eleventh Claim is dismissed.

**D.    Named Defendants Terminated**

In order for a plaintiff to establish a claim against a defendant in a § 1983 action, the plaintiff must allege that the defendant had some personal involvement in the allegedly unlawful conduct. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Futher, "[t]o state a claim under the First Amendment or under  42 U.S.C. § 1983, the behavior complained of must be considered an action of the government, and not that of a private actor." *Henderson v. Center for Community Alternatives*,  911 F.Supp 689, 707 (S.D.N.Y. 1996)  (Citing *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Myron v. Consolidated Rail Corp.,* 752 F.2d 50, 54 (2d Cir.1985)).    Plaintiff alleges that Pioneer Libarary, Morris, Stocker, Gardner, Longhouse, Geneva Library, Iraci, Scheffler, and others (John/Jane Does) discussed plaintiff's multiple requests on October 17, 2002 at a meeting. This is the extent of the involvement attributed to these defendants.   He does not allege that these defendants participated in any of the complained-of events discussed above, nor provide sufficient facts to establish that these defendants are state actors.

14

Thus, plaintiff has not set forth any federal claims against Pioneer Library System, Pioneer Executive Director Jennifer Morris, Pioneer Assistant Director and Records Manager Patricia Stocker, Pioneer Financial Administrator Cindy Gardner, Pioneer Community Outreach Coordinator Marilyn Longhouse, Geneva Free Library, Geneva Special Services Librarian Kim Iraci, Geneva Reference Librarian Debbie Scheffler, and John and Jane Does Numbered 1 through 50. Accordingly, these defendants are hereby terminated as parties to this action. If, in his amendment, plaintiff sets forth a constitutional claim adequately alleging the personal involvement of any of these individuals as state actors, such individual may be named as a defendant in the amended complaint.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a)and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's claims regarding the implementation of state regulations and the items labeled as claims but do not constitute claims are dismissed pursuant to 28 U.S.C. § 1915(e). Additionally, because no claim has been raised against them, Pioneer Library System, Pioneer Executive Director Jennifer Morris, Pioneer Assistant Director and Records Manager Patricia Stocker, Pioneer Financial Administrator Cindy Gardner, Pioneer Community Outreach Coordinator Marilyn Longhouse, the Geneva Free Library, Geneva Special Services Librarian Kim Iraci, Geneva Reference Librarian Debbie Scheffler, and John and Jane Does Numbered 1 through 50 are terminated as parties to this action.

Plaintiff's Eighth Amendment, discrimination, failure to train and privileges and immunities claims must be dismissed pursuant to 28 U.S.C. § 1915(e) unless plaintiff files

15

an amended complaint by **July 5, 2006** in which he sufficiently pleads the Eighth Amendment, discrimination, failure to train and privileges and immunities claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the Eighth Amendment, discrimination, and failure to train claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e), defendants Lieutenant Anderson, Lieutenant Bivens and Sergeant Murray will be terminated as defendants, and service of the First Amendment, retaliation, and due process claims will be made **only** on Superintendent Murray, Ruth, Petric, Lindsay, Perkins, Selsky and Botta.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claims regarding the implementation of state regulations, and the items labeled as claims that do not constitute claims are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Pioneer Library System, Pioneer Executive Director Jennifer Morris, Pioneer Assistant Director and Records Manager Patricia Stocker, Pioneer Financial Administrator Cindy Gardner, Pioneer Community Outreach Coordinator Marilyn Longhouse, the Geneva Free Library, Geneva Special Services Librarian Kim Iraci, Geneva Reference Librarian Debbie Scheffler, and John and Jane Does Numbered 1 through 50 as parties to this action;

FURTHER, that plaintiff is granted leave to file an amended complaint regarding only his Eighth Amendment, discrimination, failure to train and privileges and immunities claims as directed above[1] by **July 5, 2006**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **July 5, 2006**, the Eighth Amendment, discrimination, failure to train and privileges and immunities claims will be dismissed with prejudice without further order of the Court and the Clerk of the Court shall terminate defendants Lieutenant Anderson, Lieutenant Bivens and Sergeant Murray as parties to this action; and

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **July 5, 2006**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint (Docket No. 4), and this

---

[1]Plaintiff is reminded that he must also **include** in this amended complaint his First Amendment, retaliation, and due process claims. Because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include these claims in it means that they will not be preserved for service on the defendants.

Order regarding the First Amendment, retaliation, and due process claims upon defendants Superintendent Murray, Ruth, Petric, Lindsay, Perkins, Selsky and Botta without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor; and

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the complaint.

SO ORDERED.

Dated:        June 5        , 2006
              Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge

18