**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**



CHAKA MOSI KAMAU ZULU,

        Plaintiff(s),

v.

JEAN CLANCY BOTTA, et al.,

        Defendant(s).

ORDER
05-CV-6529L

Currently pending before the Court is plaintiff's motion for non-parties' addresses, information on stenographer's costs, and a stay (Docket # 35), motion for court-ordered service, an extension of time, defendants' addresses, and a stay (Docket # 40), motion for a protective order and a stay (Docket # 42), motion to amend/correct the second amended complaint (Docket # 45), and motion to modify application for non-parties' addresses, stenographer's costs and a stay (Docket # 50). On August 15, 2008, the Court held a hearing with *pro se* plaintiff via telephone and counsel for defendants in person and via telephone to hear arguments on the aforementioned pending motions. For the reasons set forth on the record during the hearing, the Court hereby ORDERS that:

    1.    Plaintiff's motion for non-parties' addresses, information on stenographer's costs, and a stay (Docket # 35) is **denied as moot** as plaintiff advised he no longer wants to proceed by deposition;

2.  Plaintiff's motion for court-ordered service, an extension of time, defendants' addresses, and a stay (Docket # 40) is **granted in part and denied in part**. Defendant Timothy J. Murray has until August 29, 2008 to answer plaintiff's Second Amended Complaint;

3.  Plaintiff's motion for a protective order and a stay (Docket # 42) is **denied**;

4.  Plaintiff's motion to amend/correct the Second Amended Complaint (Docket # 45) is **granted**. Plaintiff shall submit a Supplemental Complaint that contains <u>only</u> the 42 U.S.C. § 1983 cause of action that he requested in his motion to amend (Docket # 45). Defendants agreed to answer the Supplemental Complaint once it has been filed; and

5.  Plaintiff's motion to modify application for non-parties' addresses, stenographer's costs and a stay (Docket # 50) is **denied**. The witnesses the plaintiff seeks to contact are non-parties who are not in the control of the defendants. The Court advised the plaintiff that should plaintiff believe affidavits from these witnesses are necessary to justify his opposition to a summary judgment motion, he should file his own affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

Further, pursuant to the hearing held on August 15, 2008, it is hereby ORDERED that:

1. All discovery in this case shall conclude on **December 1, 2008**; and

2. All dispositive motions shall be filed no later than **January 19, 2009**. NOTE: If the dispositive motion is filed against a party who is appearing in this action pro se, the moving party must include the following advisement:

> PLEASE BE ADVISED, that pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, when a motion for summary judgment is made and properly supported, you may not simply rely upon the complaint [and amended complaint, if one has been filed], but you must respond, by affidavits or as otherwise provided in the rule, setting further specific facts showing that there are genuine issues of material facts for trial. Any factual assertions in our affidavits will be accepted by the Court as being true unless you submit affidavits or other documentary evidence contradicting our assertions. If you do not respond to [the moving party's] motion as described above, summary judgment, if appropriate, may be entered against you. If summary judgment is entered against you, your case against the moving party will be dismissed.
>
> PLEASE BE FURTHER ADVISED, that pursuant to Local Rule 56 of the Western District of New York, you must include a separate, short, concise statement of any material facts as to which you contend there exists a genuine issue for trial. In the absence of such a statement, all material facts set forth in the moving party's Local Rule 56 Statement will be deemed admitted.

3.   If no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date.

4.   No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

5.   In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: August 15, 2008
Rochester, New York