UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHAKA MOSI KAMAU ZULU,

                            Plaintiff,

                                                                                   DECISION AND ORDER

                                                                                    05-CV-6529L

                  v.

JEAN CLANCY BOTTA,
Librarian for Library Services,
DONALD SELSKY, Director
Special Housing, Inmate Disciplinary Program,
SUPERINTENDENT TIMOTHY J. MURRAY,
JAMES A. LINDSAY, Acting Deputy
Superintendent for Program Services,
KEITH R. PERKINS, Deputy Superintendent
for Security Services,
BILL J. ANDERSON, Disciplinary Lieutenant,
DOUGLAS R. PETRIC, Senior Librarian,
LINDSAY RUTH, Ex-Director,

                            Defendants.
_____

       Plaintiff, Chaka Mosi Kamau Zulu, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges certain constitutional claims arising out of events that mostly occurred in 2002 and 2003, while plaintiff was confined at Groveland Correctional Facility.

       Most of the defendants are, or at the relevant times were, employees of DOCS. One of the defendants, however, Lindsay D. Ruth, is not a DOCS employee, but at the time of the events in

question was the director of the Geneva Free Library ("Library") in Geneva, New York. Ruth has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion. For the reasons that follow, the motion is granted, and plaintiff's claims against Ruth are dismissed.

**DISCUSSION**

**I. Plaintiff's Failure to Respond to the Summary Judgment Motion**

Rule 56(e) of the Federal Rules of Civil Procedure provides that

[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading, but the adverse party's response by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In addition, Local Rule of Civil Procedure 56(c) provides that "[a]ll material facts set forth in the statement [of undisputed material facts] required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the pro se litigant with notice of the consequences of failing to respond to the motion. *See Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir.1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001).

In the instant case, both defendant's notice of motion (Dkt. #63-1) and the Court's scheduling order (Dkt. #64) gave plaintiff clear notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion of summary judgment. Accordingly, the Court will accept the truth of defendant's factual allegations, and determine, on that basis, whether Ruth is entitled to summary judgment. *See Ortiz-Rodriguez v. New York State DOCS*, 491 F.Supp.2d 342, 345 (W.D.N.Y. 2007).

**II. Defendant's Motion**

Based on the record before me, I conclude that the claims against Ruth must be dismissed, as Ruth was simply not involved in any of the alleged violations of plaintiff's rights.

In any claim under § 1983, the plaintiff must establish the defendant's personal involvement in the alleged constitutional deprivation in order to hold the defendant liable. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). In the case at bar, Ruth's affidavit (Dkt. #63-3) and defendant's Rule 56.1 Statement of Material Facts (Dkt. #63-2), which stand unrebutted, as well as the documentary evidence submitted by defendant in support of her motion, demonstrate conclusively that Ruth was not involved, except in the most tangential way, in the underlying events giving rise to plaintiff's claims. Apparently there were some problems between the Pioneer Library System (of which the Library is a member) and a DOCS official at Groveland concerning the operation of the inter-library loan program, through which inmates at Groveland were permitted to obtain books from outside libraries, but those problems did not involve plaintiff. Although there were some issues in November 2002 over

plaintiff's excessive book requests, *see* Ruth Aff. Ex. E, there is no evidence that Ruth had anything to do with that matter.[1]

In addition, there is no evidence to support plaintiff's conclusory allegation that Ruth conspired with DOCS employees to retaliate against plaintiff because plaintiff had filed an inmate grievance about certain matters. Plaintiff alleges that this retaliation took the form of a false misbehavior report issued against him by DOCS officers.

As stated, there is no evidence that Ruth was involved in any way in the issuance of that misbehavior report, and indeed, it is difficult to see how she could have been. Conclusory allegations that a defendant conspired to violate a plaintiff's civil rights are not sufficient to make out a § 1985 claim. *See Walker v. Jastremski*, 430 F.3d 560, 564 n. 5 (2d Cir. 2005) ("conclusory or general allegations are insufficient" to state a claim for conspiracy to violate the plaintiff's civil rights), *cert. denied*, 547 U.S. 1101 (2006); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (claims based on "conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights" should be dismissed); *Koulkina v. City of New York*, 559 F.Supp.2d 300, 318 (S.D.N.Y. 2008) ("a complaint alleging a conspiracy to violate civil rights ... must contain more than mere conclusory allegations"). Ruth is therefore entitled to summary judgment on this claim.[2]

---

[1]There is evidence in the record that plaintiff submitted over 120 book requests over a three- to four-week period in late 2002. *See* Ruth Aff. Ex. E.

[2]My decision in this regard renders it unnecessary for the Court to address defendant's contention that Ruth was not a "state actor" for purposes of § 1983.

## CONCLUSION

Defendant Lindsay Ruth's motion for summary judgment (Dkt. #63) is granted, and plaintiff's claims against defendant Ruth are dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 14, 2009.